In re Rhonda JOHNSON, Debtor.

Bankruptcy No. 98–50663.

United States Bankruptcy Court,
D. New Jersey.

March 24, 1999.

**320**

Carol L. Knowlton, Teich Groh & Frost, Trenton, New Jersey, for debtor.

Milica A. Fatovich, Stern, Lavinthal, Norgaard & Kapnick, Englewood, New Jersey, for Creditor, Franklin H. Lever.

## OPINION

WILLIAM H. GINDIN, Chief Judge.

### PROCEDURAL HISTORY

This matter comes before the court on the motion of Franklin H. Lever ("Lever" or "movant"), a judgment lien creditor of Rhonda A. Johnson a/k/a Rhonda A. Thomas ("Debtor"), pursuant to Fed. R.Bank.P. 9024 to vacate this court's September 28, 1998 Order Voiding Lien of Franklin H. Lever under 11 U.S.C. § 522(f). Debtor objected to the motion. A hearing was held on February 1, 1999, and the court reserved on the matter. This court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1). This is a core matter under §§ 157(b)(2)(A), (B), and (O).

### FACTS

Rhonda A. Johnson, a/k/a/ Rhonda A. Thomas filed Chapter 7 on August 19, 1998. Among debtor's assets is a parcel of residential real estate located at 1316 Riverside Drive, Trenton, New Jersey. (the "Property"). One-half of the Property was subject to a judicial lien of $350,000, obtained by Franklin H. Lever ("Lever" or "Creditor") on or about October 6, 1980, pursuant to a judgment obtained against Debtor's father, Robert Thomas, on December 26, 1979. At the time of the judgment, Robert Thomas owned the Property with his then wife, Alene Thomas, as tenants by the entirety.

In 1981, Alene Thomas, Robert Thomas, and Bob's Trucking, the sole proprietorship owned by Robert Thomas, the entity which incurred Lever's damages, filed for and were granted relief under Chapter 7. No motions were made in those bankruptcy proceedings to avoid the lien; and Creditor contends that the judicial lien on the property was not discharged.

As a result of divorce proceedings between the Thomases in 1987, Alene Thomas received her former husband's one-half interest in the Property. Thus, Alene Thomas owned an unencumbered one-half interest and an encumbered one-half interest in the Property prior to its conveyance. In 1992, Alene Thomas conveyed her entire interest in the Property to Debtor, her daughter. As is discussed below, Lever's lien still attached to the one-half interest in the Property that originally belonged to Robert Thomas.

In the instant proceeding, Debtor filed a Motion to Void the Lien of Franklin H. Lever under 11 U.S.C. § 522(f). Lever's attorney, Harvey H. Gilbert ("Gilbert") filed opposition to Debtor's motion, but failed to raise the appropriate legal issues. Gilbert also failed to appear before this court on the hearing date, September 28, 1998. This court entered the Order that day as "uncontested." The Order avoided Lever's lien with respect to the Property. Gilbert did not file a motion for reconsideration within the 10–day time period required by Local Bankruptcy Rule 9013–1(h). Gilbert did write a letter to the court on October 21, 1998, however, in which re requested that the court "reschedule" the matter and dispense with the requirement of a motion for reconsideration. The court advised counsel that a motion was necessary, and that the request for an informal "rescheduling" was inappropriate.

On December 22, 1998, Lever's new counsel, Stern, Lavinthal, Norgaard, & Kapnick, filed a Motion to Vacate the September 28, 1998 Order Voiding the Lien of Franklin H. Lever under 11 U.S.C.

§ 522(f).[1] The court must determine two issues: (1) whether Fed.R.Bankr.P. 9024 permits this court to vacate the 9/28/98 order and (2) whether Lever's lien may be avoided.

## DISCUSSION

### I. Relief from Judgment under Fed. R.Civ.P. 60(b)

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy cases by Fed.R.Bank.P. 9024, provides:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...

Fed.R.Civ.P. 60(b)(1).

Bankruptcy rule 9024 "may be liberally construed to do substantial justice to allow parties to air meritorious claims in the absence of fault or prejudice." *In re Kirwan*, 164 F.3d 1175, 1177 (8th Cir. 1999). As courts of equity, bankruptcy courts "have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *In re Lenox*, 902 F.2d 737, 739–740 (9th Cir.1990). The Third Circuit has acknowledged that Bankruptcy Rule 9024 gives a bankruptcy court " 'the power to vacate or modify its orders, as long as it is equitable to do so.' " *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 265 (3d Cir.1991) (quoting *Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 282 (N.D.Ga. 1985)).

The negligence of an attorney is grounds for vacating an order under Rule 60(b). "[D]efault judgments pit the court's strong preference for deciding cases on the merits against the countervailing interests in finality ..." *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94 (4th Cir.1997). In balancing these competing interests, the *Heyman* court looked to the fault of the party as the determining factor. *Id.* "[W]hen [a] party is blameless, and the attorney is at fault, the [court's interest in reaching the merits] control[s] and a default judgment should ordinarily be set aside. That is, when the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)." *Id.* (internal citations omitted).

Creditor urges this court to apply the *Heyman* standard for finding 'excusable neglect' under Rule 60(b)(1) to this case. Creditor's counsel, Gilbert, filed a brief which did not address the applicable legal issues. In fact, not a single case or statute was cited in Gilbert's opposition. Nor did Gilbert articulate a legal theory for denying the motion. The papers simply argued the admittedly sympathetic facts. Gilbert also failed to appear when Debtor's Motion to Void Lien of Franklin H. Lever under 11 U.S.C. § 522(f) was heard by this Court on September 28, 1998. As a result of Gilbert's non-appearance and failure to raise the appropriate legal issues and case law, this court entered the Order that avoided the lien.

In addition to the above, Gilbert failed to follow the local rules and appropriate pro-

---

**1.** The 9/28/98 order contains a provision which also invalidates the underlying judgment of Frank Lever against Robert Thomas in its entirety, not only as against the property. The debtor does not argue that there is a basis for the underlying judgment to be invalidated, and in fact such relief was not included in the original notice of motion, nor was that issue argued in the original moving papers. This court will also vacate that provision of the order since there has been no basis stated for that relief. In addition, such a ruling would result in an inequitable outcome. Mr. Lever lost both legs as a result of Robert Thomas' negligence. He remains uncompensated for the injury. Discharging the underlying judgment against Robert Thomas would make Mr. Lever unable to recover if future assets, such as insurance proceeds, were discovered.

cedures in requesting reconsideration. Local Bankruptcy Rule 9013–1 provides:

### (h) Motion for Reconsideration.

A motion for reconsideration shall be filed within 10 days of the filing of the Court's order or judgment on the original motion. The motion shall be filed with a memorandum setting forth concisely the matters or controlling decisions which the movant believes constitute cause for reconsideration.

D.N.J. LBR 9013–1(h).

Rather than making a motion by the prescribed method, Gilbert filed a letter requesting that the matter be "rescheduled." In addition to using an improper method, Gilbert's request was made outside the 10 day time limit. This court finds that Lever was blameless in that, upon being served with the original moving papers, Lever retained the services of counsel. After learning that his lien on the Property had been voided because of Gilbert's neglect, he prudently retained the services of new counsel in an effort to vacate the Order. The court further finds that Gilbert's failure to: (1) raise the appropriate legal issues; (2) cite controlling cases, viz., *Farrey v. Sanderfoot*; (3) appear on the hearing date; and (4) to file properly for reconsideration on appeal within the mandatory time rises to the level of "excusable neglect" under Fed.R.Civ.P. 60(b).

Furthermore, no intervening rights have become vested in reliance on the 9/28/98 order. Shortly after the 9/28/98 order was entered, Lever's former counsel, wrote to the court about "rescheduling" the hearing. Telephone conferences were held thereafter, new counsel obtained and the instant motion followed. From the very beginning Debtor was aware that the 9/28/98 order was called into question. It would have been unreasonable, therefore, for her to take any action in reliance thereon.

Debtor urges this court to apply the standard for failure to file timely proofs of claim to the facts in this case, which are governed by Rule 60(b). The enlargement of time for late filed proofs of claim is governed by Fed.R.Bankr.P. 9006. The Supreme Court addressed the issue of what constitutes "excusable neglect" for late filed proofs of claim in *Pioneer Investment Services Co. v. Brunswick Assocs. Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The analysis and reasoning of *Pioneer* were intertwined with the concept of filing a proof of claim. The Supreme court balanced the need for finality concerning what debts were due as opposed to the interest of the creditor in being paid. The Court acknowledged that "exacting enforcement of filing deadlines is essential to the Bankruptcy Code's goals of certainty and finality in resolving disputed claims." *Id.* at 388, 113 S.Ct. 1489, but it ultimately held that "where the failure to act was the result of excusable neglect ... [under] rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness...." *Id.*

Although the actual words "excusable neglect" are the same in Fed.R.Bankr.P. 9006(b)(1) and Fed.R.Civ.P. 60(b), the two rules are separate and distinct. Two different bodies of law have been developed interpreting the respective sections. *See Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94 (4th Cir.1997); *Pioneer Investment Services Co. v. Brunswick Assocs. Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). One of the marked differences between the two bodies of case law is that an attorney's negligence absolutely qualifies as "excusable neglect" under Rule 60(b), *see Heyman, supra*; but does not under Bankruptcy Rule 9006. *See In re Pioneer, supra.* This relates in part to the equitable nature of Rule 60(b) on the one hand; and the concerns for finality of Bankruptcy Rule 9006 on the other hand.

The Eighth Circuit has recognized the inapplicability of *Pioneer* to motions under Rule 60(b).

> The issue in [*Pioneer*] was the interpretation of the term 'excusable neglect' in a case where a creditor failed to timely file a proof of claim. *Pioneer* had nothing to do with deciding whether excusable neglect under Rule 60(b) can be used to grant leave to file an untimely motion.

*In re Ellis,* 72 F.3d 628, 632 (8th Cir.1995).

In addition, Bankruptcy Rule 9006 specifically excludes its own applicability to motions under Bankruptcy Rule 9024. Federal Bankruptcy Rule 9006 provides:

> **(b) Enlargement.**
>
> (2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023, and **9024.**

Fed.R.Bankr.P. 9006.

■ Thus this court finds that *Pioneer* relates to enlargement of time for late filed proofs of claim under Fed.R.Bankr.P. 9006, not motions under Fed.R.Civ.P. 60(b). Accordingly, Lever will be relieved from the 9/28/98 order because of the neglect of his counsel Gilbert.

## II. Avoidance of Lien

■ 11 U.S.C. § 522(f)(1) provides in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien ...

In this case the debtor's interest in the property was acquired after the creditor's lien had already attached. Thus, *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825 (1991), controls this determination. In *Farrey,* the Supreme Court held that a lien can not be avoided if it attaches to a debtor's property before he acquires an interest in it.

> [Section 522(f)(1) ] ... cannot be concerned with liens that fixed on an interest before the debtor acquired that interest.... If the fixing took place before the debtor acquired that interest, the fixing by definition was not on the debtor's interest.... To permit lien avoidance in these circumstances, in fact, would be to allow judicial lienholders to be defrauded through the conveyance of an encumbered interest to a prospective debtor.... For these reasons, it is settled that a debtor cannot use § 522(f)(1) to avoid a lien on an interest acquired after the lien attached....

*Id.* at 298–99, 111 S.Ct. 1825.

Pursuant to his judgment for $350,000 against Robert Thomas t/a Bob's Trucking, obtained on December 26, 1979, Creditor obtained a lien on the Property on or about October 6, 1980. Robert Thomas filed for and was granted relief Chapter 7 relief in 1981. He never filed a motion to avoid Lever's lien under 11 U.S.C. § 522(f). Creditor's lien on the Property survived R. Thomas' discharge. "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem." *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). The interest which A. Thomas acquired in the Property from her ex-husband in 1987 and subsequently conveyed to Debtor in 1992 remained subject to Creditor's lien. Since Debtor did not possess the property interest prior to the time when the judicial lien attached in 1980, she can not avoid the fixing of the lien under 11 U.S.C. 522(f). *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).

## CONCLUSION

This court finds that movant has demonstrated "excusable neglect" under Rule

60(b)(1) and will vacate the September 28, 1998 Order Voiding Lien of Franklin H. Lever under 11 U.S.C. § 522(f). In addition, this court finds that the lien may not be avoided under 11 U.S.C. § 522(f) pursuant to *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). Lever is instructed to file an order consistent with this opinion within 10 days.